19-0-0-5-1. In re T.R. for the appellant is Ms. Kiwawa-Wilson. Is that pronounced correctly? Yes. Lucky guess. And for the appellee is Mr. Nodigeek. Pronounced correctly too? Okay. Ms. Kiwawa-Wilson, you may proceed. My name is Salome Kiwawa-Wilson, and on behalf of the Office of the State Appellant Defender, I represent T.R. Unless this Court has questions regarding some of the other issues, we'll be concentrating on the issue that the trial court failed to come back to practical effect when there was a post-trial planning of counsel's ineffectiveness. I think that's a good strategy. That is a wise course. So, as with adults in criminal cases, juvenile minors are entitled to counsel in a delinquency proceeding, and not just counsel, but effective assistance of counsel. Since the Supreme Court decision in Peel v. Frankel, a procedure has developed under Illinois law where if the trial court is faced with a post-trial claim of counsel's ineffectiveness, the court is required to inquire further into the facts that constitute that ineffectiveness and decide whether or not an attorney needs to be appointed in order to represent, in this case, the minor going forward, or if their claims have no merit. This serves the interests of judicial economy and also develops the record for appellate review. So, this review, here, there was a claim of trial counsel's ineffectiveness that came in the form of a letter from T.R.'s mother, and when the court heard that there was a claim of ineffectiveness, the court did not hold the Frankel inquiry, did not do the first step of the Frankel inquiry, and that issue was never resolved. Therefore, this is the reason why this case needs to go back for the Frankel inquiry. I acknowledge that this court has held in Peel v. Bates and in Peel v. McGaff that the claim of ineffectiveness has to come, per se, from the defendant in order for the courts to be required to hold the Frankel inquiry. However, those cases are distinguishable from the case before you because, in this case, T.R. is a minor, and under the Juvenile Court Act, the parent of the minor is given a role that surpasses that of just any other person. The parent is supposed to be in hazard to not only be present at the proceedings, but has a right to be heard. And in this case, where you're dealing with a minor who's not familiar with the criminal justice system and has a parent in the courtroom who is there to present the best interests of the child, it is not unreasonable to require that, if the parent makes the claim on behalf of the child, that the court conduct that initial inquiry to discover what the underlying allegations are. This is not inconsistent with the Juvenile Court Act and is not inconsistent, really, with Frankel because, again, the parent is there to act in the best interest of the child and ensure that the child is receiving the best or the most effective assessment of counsel. Another reason why Frankel is applicable in the context of delinquency proceedings for a minor is because the Supreme Court in Henry Austin M. has acknowledged that delinquency proceedings are more akin to criminal proceedings. So if a defendant is an adult criminal trial, we get a Frankel inquiry. It's only befitting that if juvenile proceedings have become more criminal, that the juvenile in a delinquency proceeding also receive access to the same Frankel proceedings. Another reason is because a minor defendant or minor in a delinquency proceeding has no access to the Post-Conviction Hearing Act. Therefore, it is only possible that a claim of ineffectiveness that is based on actions that are outside the record in a delinquency proceeding will go to trial because the minor has no access to the Post-Conviction Hearing Act, cannot file a Post-Conviction Petition. And therefore, it only makes, again, sense from a judicial reporting standpoint and from a fundamental fairness standpoint to allow that minor to have access to Frankel proceedings at the trial court level. If there are no questions, I would ask that this Court remand this case for Frankel proceedings, or if the Court finds that the other issues raised do not grant TR a greater relief, we ask that this Court remand this case for Frankel proceedings, or as this Court has referred to in the past, or just remand as this Court did in the past in Alonzo Hall, without necessarily referring to this Frankel hearing. Thank you, Counsel. Mr. Derbyshire? May it please the Court, Counsel? Counsel? Given the statements that were previously presented by a respondent of whom I remarked also asking questions to the Frankel issue, first of all, as, well, first of all, this document cites no cases where Frankel has been applied to juvenile proceedings. Secondly, other than those… I didn't quite understand what you just said. Would you repeat that? Yes. Respondent asked, no cases in which Frankel has been applied to juvenile proceedings. So we'd be the first? You would be the first. But why not? Well… And, again, you know, it's so strange. As this Court has written repeatedly, the sole issue in a Frankel hearing is, gee, we've got an issue raised here about the quality of representation at trial level by usually court-appointed counsel. Do we need to appoint some new counsel to look into the matter and see whether new counsel should proceed with an argument that the trial counsel was ineffective? That's really it. And, you know, you wonder, why is this such a big to-do? And the other thing, and I don't know if this Court has actually written it, but certainly I've thought about it, but resolving issues of ineffective assistance of counsel within weeks of the actual trial, assuming the newly appointed counsel says, yeah, I think there's a problem here or I want to pursue it. You have good recollections. The trial court recalls it all. Everyone's still there. You can hash on it. But this is such a better forum, such a better time to resolve any of these issues then than maybe years later in a PC. But as counsel's pointed out, no PC is forgivable. So why shouldn't we apply here? Well, I think the question would be, well, why should one apply it? Okay. First of all, there are no cases that say that crample hearings are required by due process. The state has recited one case where the commitment of Walker that indicated that crample hearings were not required by due process. Just a good idea. How about that? I mean, it's usually the defense that says everything is conspicuously required. I don't think we need it. A good idea would probably suffice, wouldn't it? Well, certainly if this court considers it to be a good idea, then it is difficult for counsel to argue that it is not a good idea. Fair enough. I would note that this court has used an alternative method where a claim of executive decision to counsel was raised on appeal and where the record was insufficient yet remanded to the trial court for further proceedings. I would suggest that that is an adequate way of resolving these kinds of issues. If counsel sees a problem, our counsel can raise that issue on appeal, and if the record is insufficient, as this court has done, that case can be remanded to the trial court for further proceedings. Why not tell trial judges in juvenile delinquency cases, leaving aside what was the issue properly raised? We'll talk about that in a moment, too. But if a question has been raised about the adequacy of trial counsel, that where there's an adult proceeding would be enough to make an inquiry about that to see whether new counsel should be appointed so that counsel could look into an effective assistance. To just apply the same standard in a juvenile delinquency case, why shouldn't that be the case so that the juvenile court judge knows this? What's the advantage of waiting? It's quicker now in juvenile delinquencies than other cases because they're deemed to be advanced cases, but what's the advantage of waiting months until appellate counsel and maybe the appellate court says, you know, I think there's enough here, we should send it back for a hearing? Well, one of the issues that the Crankle hearings at this court discussed extensively, and Rodas gives our issues with what is the purpose of the Crankle hearings, et cetera, et cetera, et cetera. Rodas has an appeal to the Illinois Supreme Court. Hopefully the Illinois Supreme Court will come down for rules on Crankle hearings which are definitive. Or just salute smartly, that would work. I'm sorry? Or just say, yeah, what Rodas said. Well, at this point, the state will cease its discussion here. Mr. Mayor, what is it? Do you have any questions? No, I don't see any. Counsel, anything further? Just briefly, the state has been asking for this procedure where the court comes up with an appeal, appellate counsel looks at it thoroughly and sends it back down. It's doing the exact same thing at Crankle, except we're inserting appellate counsel in the middle, and appellate counsel does not have access to any off-the-record issues regarding counsel's effectiveness. Therefore, again, it just makes more judicial economy. It's a good idea to just simply send the case to allow the court to look at the issue initially down the road. Well, I think in defense of the trial judge in this case, and probably trial judges there in juvenile delinquency cases, as Mr. Domingue points out, there's no definitive word at this point. The judge here said, you know, does Crankle apply to juvenile court proceedings at all? Well, as you pointed out, we have to start somewhere. And yes, in the case of first impression, but there is no case law that says it does not apply to juvenile proceedings. So we're not starting at a disadvantage, or we're not starting at a disadvantage, and that's why we ask that you find that it applies. My guess would be it's a case of first impression before the appellate court. I would not be surprised if there are juvenile judges around the state that when an issue comes up of ineffectiveness, that they would leap to try to resolve it. If it comes up, trial them. Yes, and this would just give those judges some confirmation that they're following the right procedure, if this is what was alluded to in the statement. I also think we have sent the message by several recent cases that whether we say anything or not about it, though we probably are continuing to say a little bit in an abundance of caution, when we send something back for crankle, that means all other issues are alive. There's no bar to us considering the other issues that you've raised, no matter what happens on crankle. Without continuing the procedure, yes. But we have seen arguments or briefs from the other side that says the opposite, that we shouldn't be considering those issues or would not be able to consider those issues. Hopefully that argument has been laid to rest. Anything else, counsel? Well, thank you, counsel. Thank you. The court will be in recess.